Good morning, Your Honors. My name is Jody Thorpe and I represent Mr. Solis-Alvarez. We're here today because the District Court erred and violated Mr. Solis-Alvarez's constitutional rights when it departed upward based on facts which were not alleged in the indictment, which were not admitted by Mr. Solis-Alvarez, which were not submitted to a jury, and which were not proven beyond a reasonable doubt. In this case, Mr. Solis pled guilty to making a false statement in application for a passport. That guilty plea was pursuant to a plea agreement with the government where the government recommended a base offense level six, placing the maximum range that Mr. Solis-Alvarez could be sentenced on under his guilty plea to six months. The government recommended a 60-day sentence in accordance with the plea agreement. Despite the party's recommendations, the court departed upward four levels under United States Supreme Court Sentencing Guidelines 5K2.0, finding there is an aggravating factor not adequately taken into consideration by the guidelines. The court sentenced Mr. Solis to 12 months custody, which is six times more than the agreed-upon time by the parties in the plea agreement. Before getting into the merits of the case, I would just like to note that this case, two days ago, this court decided United States v. Padilla, which, for reasons of judicial economy, remanded the case back down to the district court for sentencing. Mr. Solis would request that his case be remanded for sentencing as well. The reason for that being that Mr. Solis has already served ten and a half months of his 12-month sentence. He has clearly served the six-month period that is the statutory maximum and only has a month and a half left of the total sentence. With regards to the merits of this case, even under a plain error standard, Mr. Solis Alvarez's case should be remanded. There is clearly plain error here under Blakely. Where there is plain error, if the substantial rights were affected, this court has the discretion to remand if it affects the fairness, integrity or public reputation of the judicial proceedings. Blakely and Ameline both quoted a quote that is particularly relevant to Mr. Solis Alvarez's case with regards to the fairness aspect. It states, any evaluation of an apprentice's fairness to criminal defendants must compare it with the regime it replaced in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment, based not on facts proved to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by a probation officer who the judge thinks more likely got it right than wrong. This is precisely the facts in this case. All of the facts relied upon by the court were hearsay statements submitted by a probation officer and determined under the wrong standard. Is this the, I don't know that I've read the case you mentioned first, Padilla? Yes, your honor. How do you spell that? P-A-D-I-L-L-A. Oh, I see, okay. Now, I did review a case called Castro before that I think was written by Judge Reinhart for a panel, but under that case it suggested that we could send a case back to the district court by remand and let the district court decide whether to re-sentence or to hold it for Booker and Fan Fan. In other words, sort of like send it back and let the district courts make decisions in the first instance. If someone had served all the time that they would get without an enhancement that might run afoul of the Blakeley principle if that's upheld by the Supreme Court. Does this case come within Castro? Your honor, I think it does come within Castro. However, I think there's a difference in that the district court should not wait for a Booker and Fan Fan decision because this case falls precisely within Blakeley and Amoline. But that assumes that Blakeley and Amoline apply. You're basically saying you know what the result of Booker and Fan Fan is going to be. Now, I don't know that the district court is going to assume that. Well, one thing that the Padilla court mentioned is that the court had the option of waiting for Booker and Fan Fan so the district court could make the determination that due to the fact there's only a month and a half left in Mr. Solis' sentence that it would be more prudent to go forward with the case law that we have today. And so under Padilla I think that the district court could make that determination. So is that the result you seek? You want to go back to the district judge? Your honor, I would like to go back to the district judge. In this particular case, I would like the case to be remanded with instructions that the maximum sentence imposed be based solely on Mr. Solis' admissions during his plea call plea. Then you're telling us to apply Blakeley. I mean, I don't think we're going to do that, or at least I'm not going to do that because our court has taken the position we have to wait for the Supreme Court to speak. It wasn't the theory of Castro that just in terms of administrative efficiency, it was better to have it back at the district court where a new sentence could be imposed and it was just more efficient, better for the district court to decide whether or not to wait than for us to sit on it since the case, since the sentence was so short. That's correct, Your Honor. And I would request the same for Mr. Solis Alvarez due to the timeframe. Mr. Solis Alvarez's rights were substantially affected by numerous ways in this case. First, with regards to a jury determination, a lower standard of proof was utilized. The court utilized the wrong fact finder. The evidence is solely based on hearsay. And the departure is based on an aggravated circumstance not taken into account and should only be utilized in rare and exceptional cases. There was no jury determination that any of the factors submitted by the probation officer were aggravated to the extent. I think I understand that aspect of the case. Let me ask you a procedural question. If we do a ruling like Castro and we send this case back to the district court, and the district court has discretion to either hold it for Booker and FanFam or just resentence immediately, and you and Ms. Tirole, I guess, go in there and argue to the district court, if the district court then holds it, do you have any remedy to come back to us, or do you just have to wait? Your Honor, I believe I just have to wait. I don't believe there's a remedy to come back to you. Well, if you don't have a final order, then, if the district court sits on it. That's correct, Your Honor. Which is why you'd like us today to say that under Flakely and Ameline, there's a problem and you should be resentenced right away. That's correct, Your Honor. However, if the court's not inclined to do that, we would request. It does not have that option. If the court does not have that option, then I would request a remand for the district court to be able to make that determination because then that's the only other avenue that Mr. Solis has in order to prevail from the prejudice that has ensued in his case thus far. If there's no further questions. There are any further. I think we'd like to hear from you. Yeah, I think we'd like to hear from you. Thank you. So, at any point in your argument, you might want to advise why we shouldn't do a Castro remand. Well, Anna Lutero on behalf of the United States. Your Honors, our core argument is here that district court departed upwards on four factors that were not objected at any point to by the defendant. This amounts to an admission, and we cited case law in support of that. There were two factors which the. Well, the Constitution requires that it be found by a jury, and he didn't know that. Well, if the court decides to go with a remand, which we don't believe is necessary in this case, we will certainly comply with that. We would just note for the court that. You would argue at this point to the district court. Yes. Absolutely. And you might persuade the district court, but. We would just note for the court that if the guidelines are found not to apply to the defendant, statutory maximum in this case is 10 years. Right. Okay. Okay. Be careful what you wish for. If there are no further questions, I'll submit. Thank you. Thank you. The case just argued is submitted for decision. We'll hear the next case for argument, which is Clement versus city of Glendale.
judges: Schroeder, Gould, Clifton